UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 88-79-CR-HOEVELER

UNITED STATES OF AMERICA

v.

MANUEL ANTONIO NORIEGA,

        **Defendant.**
_____/

GOVERNMENT'S REPLY TO THE DEFENDANT'S PETITION
FOR WRITS OF HABEAS CORPUS, MANDAMUS, AND PROHIBITION

The United States, by and through the undersigned Assistant United States Attorney, hereby replies to the defendant's petition for writs of habeas corpus, mandamus, and prohibition. This petition is premature and, therefore, should be denied.

On July 17, 2007, the United States, on behalf of the Government of France, filed a complaint seeking the extradition of the defendant to France, thus instituting an extradition proceeding under Title 18, United States Code, Section 3184. The defendant's basic argument is that the requested extradition violates the Geneva Conventions and, therefore, this Court should intervene, order a cessation to the extradition proceedings, and order that the defendant be returned to the Republic of Panama upon the completion of his sentence on September 9, 2007. On its face, this petition demonstrates that it is not ripe.

As an initial matter, the defendant incorrectly relies on Title 28, United States Code, Section 2255 for his petition. Section 2255 provides a mechanism by which a prisoner may collaterally attack an illegal sentence and seek to have the court "vacate, set aside or correct the sentence." Here the defendant does not challenge the sentence imposed by this Court, which is

1

currently set to conclude on September 9, 2007.  Instead, he seeks to challenge a separate and distinct extradition proceeding.  To the extent a writ of habeas corpus is appropriate under these circumstances, it must be brought under Title 28, United States Code, Section 2241, which provides for judicial review of an allegedly illegal incarceration.  Such a petition must be brought as a new civil action which names as the respondent "the person who has control over" the defendant – in this case the warden at the Federal Corrections Institution in Miami.  Title 28, United States Code, Section 2242; *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody.").  Indeed, a petition under Section 2241 must be brought in the district where the defendant's immediate physical custodian is located.  *See Schlanger v. Seamans*, 401 U.S. 487, 491 (1971).  Thus, the District Court for the Southern District of Florida would be the proper forum for a Section 2241 petition not because the defendant was tried and convicted here but because the defendant is currently held within this judicial district.  But even to the extent that this Court construes the defendant's petition as one arising under Section 2241, the petition is premature.[1]

By his own admission, the defendant is currently serving a valid sentence imposed by this Court, and he will be doing so until September 9, 2007.  Thus, there is no valid claim – and the defendant asserts none – that the defendant is currently being illegally held by the United States.  Instead, the defendant's argument is that the Geneva Conventions bar his potential future extradition to France in light of this Court's finding that he is a prisoner of war, *see United States*

---

[1] The defendant's request for a writ of mandamus/prohibition under the All Writs Act, Title 28, United States Code, Section 1651, is also premature.  Such a writ is only appropriate when a petitioner establishes that:  (1) he has a clear right to the relief requested; (2) the respondent has a clear duty to act; and (3) no other adequate remedy exists. *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.").  Here, the other remedy available to the defendant is to file an opposition to the extradition complaint.  The defendant has yet to avail himself of that remedy, let alone exhaust it.

2

*v. Noriega*, 808 F.Supp. 791, 803 (S.D.Fla. 1992), and he asks this Court to intervene in and cut short a pending extradition proceeding. However, there is no reason to cut off the extradition proceeding, which has been duly initiated under Title 18, United States Code, Section 3184, and which seeks to implement an international legal obligation of the United States pursuant to its extradition treaty with France. The extradition proceeding should continue, and the magistrate should be allowed to determine whether the defendant is extraditable.

It should be noted that the Government has fully complied with this Court's finding that the defendant is a prisoner of war and has treated the defendant in full accordance with the Geneva Conventions' mandates regarding the confinement of prisoners of war.[2] Moreover, the defendant can be extradited to France in accordance with all of the United States' treaty obligations – including its obligations under the Geneva Conventions.[3]

If, after conducting an extradition hearing, the Magistrate Judge issues a Certificate of Extraditability, then the defendant may file a petition for a writ of habeas corpus challenging that Certificate. That is the preferred practice in this Circuit. *See Vardy v. United States*, 529 F.2d 404, 406 (5th Cir. 1976)[4] ("We strongly agree that deferring habeas review until there is a determination of extraditability is a preferable procedure."); *see also Fernandez v. Phillips*, 268 U.S. 311, 312 (1925); *Afanasjev v. Hurlburt*, 418 F.3d 1159, 1163 (11th Cir. 2005); *Martin v. Warden*, 993 F.2d 824, 828 (11th Cir. 1993). The filing of such a petition would initiate an

---

[2] For example, in addition to abiding by the Geneva Conventions with respect to the conditions of the defendant's confinement for the duration of his sentence, the United States government has notified the International Committee of the Red Cross of the filing of the French extradition request.

[3] We do not address here the threshold question of whether or not the defendant can rely on the Geneva Conventions, particularly in light of the Military Commissions Act of 2006, Pub.L. No. 109-366, § 5(a), Oct. 17, 2006, 120 Stat. 2631 ("No person may invoke the Geneva Conventions or any protocols thereto in any habeas corpus or other civil action or proceeding to which the United States, or a current or former officer, employee, member of the Armed Forces, or other agent of the United States is a party as a source of rights in any court of the United States or its States or territories.").

[4] Decisions of the Fifth Circuit Court of Appeals rendered prior to October 1, 1981 are binding precedent in the Eleventh Circuit until overruled by the Eleventh Circuit Court of Appeals sitting *en banc*. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

independent civil action in which the District Judge would review the decision of the Magistrate Judge. Until the Magistrate Judge issues such a certificate, there is nothing for the District Judge to review. Accordingly, at this time, the defendant's petition is premature.

Simply put, the defendant moved prematurely to challenge his detention for extradition while he is being legally imprisoned pursuant to a valid sentence imposed by this Court and before there has been any finding that he is extraditable. Accordingly, the defendant's petition should be denied.

          Respectfully submitted,

          R. ALEXANDER ACOSTA
          UNITED STATES ATTORNEY

By:   s/ Michael P. Sullivan
      Michael P. Sullivan
      Assistant United States Attorney
      Florida Bar No. 134814
      Miami, Florida 33132-2111
      Tel: (305) 961-9274
      Fax: (305) 536-7213
      Pat.Sullivan@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 25, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

          s/ Michael P. Sullivan
          Michael P. Sullivan
          Assistant United States Attorney